### COMMONWEALTH *vs.* CHARLES L. REED.

Bristol.     October 22, 1889. — November 11, 1889.

Present : DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Conditional Sale — Resale — Fraudulent Intent — Resale by Purchaser.*

At the trial of a complaint on the Pub. Sts. c. 203, § 74, for selling personal property received by the defendant upon a conditional contract of sale in writing, with intent to defraud, before his performance of the conditions precedent to acquiring title thereto, there was evidence that the defendant sold the property with such intent before it had become his, and the judge refused to rule that no inference as to intent could be drawn from the fact that the defendant sold the property before he became the owner of it. *Held,* that the request was properly refused.

COMPLAINT on the Pub. Sts. c. 203, § 74, for the sale of personal property in the defendant's possession, and received by him upon a written and conditional contract of sale, with intent to defraud, before performance of the conditions precedent to acquiring the title to such property.

At the trial in the Superior Court, before *Dunbar,* J., the government introduced evidence tending to show that the defendant bought and received the property upon an agreement in writing signed by him, reciting that he was to hold it as the property of the seller, and that title thereto was not to vest in

him until he had paid to the seller two promissory notes given by him for the price; and that before the notes matured, or he had paid the price, the defendant sold the property to a third person with intent to defraud.

The defendant asked the judge to rule that no inference as to intent could be drawn from the fact that the sale was made before the property had fully become the defendant's.

The judge refused so to rule, but among other instructions applicable to the case, to which no exception was taken, advised the jury that all the facts and circumstances in evidence relative to the sale were competent for their consideration.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*L. N. Francis,* for the defendant.

*H. C. Bliss,* First Assistant Attorney General, for the Commonwealth.

BY THE COURT. There was evidence tending to show that the defendant sold the property to Fontaine with intent to defraud. The fact that he sold this property before it had become his, was also in evidence. The defendant could not ask that this fact should be separated from all the other facts, and that the court should rule that this alone afforded no inference of a fraudulent intent. It is not for the court to divide the evidence into parts, and to rule upon the questions whether each taken separately would be sufficient to warrant a verdict against a defendant. But even if it were, the fact that the defendant sold a piece of property not belonging to him had a distinct bearing upon the intent of the defendant, and might afford a legitimate inference that it was fraudulent.

*Exceptions overruled.*